# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RUVEN GEORGE SEIBERT,**
        **Petitioner,**

  v.                                      Case No. 07C952

**BYRAN BARTOW, Director,**
**Wisconsin Resource Center,**
        **Respondent.**

---

## ORDER

On October 25, 2007, petitioner Ruven Seibert filed this petition pursuant to 28 U.S.C. § 2254, asserting that his civil commitment pursuant to Wisconsin statutes chapter 980 violated the Constitution. A jury in Outagamie County Circuit Court found petitioner to be a sexually violent person within the meaning of chapter 980, based on two counts of sexual assault of a child. He therefore was civilly committed for an indefinite period of time. Petitioner, since his initial commitment, has filed several petitions for discharge and supervised release, all of which have been denied. He remains confined at the Wisconsin Resource Center. Petitioner has also filed a motion to proceed in forma pauperis.

### I. IN FORMA PAUPERIS

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income or assets to pay the fee.

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that petitioner is unable to pay the $5 filing fee. Petitioner is confined at the Wisconsin Resource Center, with a monthly income of $30.00. Petitioner's affidavit states that his monthly expenses equal at least $30.00, thereby leaving him with no additional income. As petitioner has no other assets, I will allow him to proceed in forma pauperis.

## II. SCREENING

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

It is unclear from the petition exactly what stage of petitioner's commitment he is challenging, but he generally claims that his counsel was ineffective and that the court relied on legally or factually incorrect information. Both of these claims state cognizable constitutional grounds for relief. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. And an individual's due process rights are implicated if a sentence or

2

commitment was imposed based on legal or factual error.  See United States v. Mannino, 212 F.3d 835, 846 (3d Cir. 2000).  Thus, petitioner presents colorable constitutional issues and, as I see no reason on the face of the petition to proceed otherwise, I will not dismiss his petition at this time.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows:  (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply:  briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Byran Bartow and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

**FURTHER, IT IS ORDERED** that petitioner's request to proceed in forma pauperis is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 31 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge