# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RUVEN GEORGE SEIBERT,**
    **Petitioner,**

 v.                 Case No. 07C952

**BYRAN BARTOW, Director,**
**Wisconsin Resource Center,**
    **Respondent.**

## DECISION AND ORDER

  Pro se petitioner Ruven G. Seibert seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent now moves to dismiss the petition. In 1986, petitioner was convicted of two counts of second-degree sexual assault. In 1995, prior to the date on which he was to be released from prison, the state filed a petition under Wis. Stat. Ch. 980, seeking to commit him as a sexually violent person. <u>State v. Seibert</u>, Case no. 1995CV001036 (Wis. Cir. Ct. Outagamie County). In 1996, a jury found petitioner to be a sexually violent person, and he was civilly committed. The state court of appeals affirmed his commitment, and the state supreme court denied review.

  The bases for the petition are not entirely clear. In Ground One of the petition, petitioner alleges "ineffective assistance," "no evaluator– person to person" and "false information, no court order for Doren to use my DOC file." These claims appear to stem from the 1996 judgment committing him as a sexually violent person.[1] For statute of

---

  [1] In drawing this and subsequent similar conclusions, I relied on the grounds and supporting facts described for each set of claims, which included the names of individuals who were involved only at certain stages of petitioner's civil commitment proceedings. For example, in the "Supporting Facts" section of Ground One, petitioner mentions Doctors Doren and Monroe and Attorneys Truby and Petit. These doctors and attorneys were all

limitations purposes, that judgment became final on October 23, 1997, ninety days after the state supreme court denied review. See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002) (statute of limitations begins to run, if a state prisoner does not appeal his conviction to the United States Supreme Court, when the ninety-day period during which the prisoner could have petitioned for certiorari elapses). Under 28 U.S.C. § 2244(d)(1)(a), petitioner had one year from that date, or until October 23, 1998, to file a federal habeas petition. He did not do so until October 23, 2007, when he filed the present petition. Thus, the claims in Ground One of his petition are barred by the statute of limitations.[2]

In Ground Two of his petition, petitioner asserts the following claims: (1) "ineffective assistance as attorneys did not object to a cross-examination"; (2) "Judge Dyer did accept all state PhD's and disallowed professional PhD Terrone Campbell and PhD Underwagner's opinions did not bring me to court – only on phone"; and (3) "Act 434 was not considered by Judge Dyer! See brief of Att. Stephen Phillips – and Terranc [sic] Campbell – in brief." (Pet'r's Br. at 6.) The first of these claims appears to restate the claim that petitioner's lawyer in the Chapter 980 proceeding was ineffective. As discussed,

---

involved in petitioner's original Chapter 980 commitment proceeding, and the claims in Ground One therefore arise from that particular proceeding. (See Resp't Mem. in Supp. of Mot. to Dismiss Ex. F.)

[2] Petitioner asserts that in Ground One he is actually bringing claims arising from the denial of habeas relief in Group File of Ruven G. Seibert, Case no. 2006GF000010 (Wis. Cir. Ct. Winnebago County), and therefore the petition is timely. However, the factual bases for petitioner's claims arise from the original commitment in 1996. The fact that petitioner may have asserted these claims in a petition for habeas relief in state court in 2006 does not revive the statute of limitations, which expired in 1998, for asserting claims based on the same facts in a federal habeas petition.

this claim is barred by the statute of limitations to the extent it relates to the conduct of counsel at the original commitment proceeding.

Petitioner's other claims raised in Ground Two--that Judge Dyer did not consider Act 434, did not bring petitioner to court for the proceedings, and disallowed the opinions of certain PhDs–and possibly his ineffective assistance claim, appear to relate to more recent proceedings in his ongoing civil commitment case. The assertion involving Dr. Underwager seems to relate to the state circuit court's May 16, 2003 denial of petitioner's challenge to commitment, as the docket in that case reflects a report by Dr. Underwager filed on February 5, 2003. See State v. Seibert, Case no. 1995CV001036, Docket # 483, 496. That decision was affirmed by the state court of appeals on May 4, 2004, see State v. Seibert, 275 Wis. 2d 276, and the state supreme court denied review on September 1, 2004. See State v. Seibert, Case no. 2003AP001995. The statute of limitations for claims arising from the state circuit court's May 16, 2003 order began to run on November 30, 2004 and, as there were no collateral challenges to the decision filed in the subsequent year, the statute of limitations expired on November 30, 2005. Thus, petitioner's claims involving Dr. Underwager are time-barred.

The remainder of the claims in Ground Two likely relate to proceedings in which the state circuit court, on January 17, 2007, denied petitioner's challenge to his continuing commitment. See State v. Seibert, Case No. 1995CV001036, Docket # 592. At the time petitioner filed his federal habeas petition and respondent filed his motion to dismiss, the direct appeal from that particular proceeding was still pending in the Wisconsin state court of appeals, in which petitioner raised the issue relating to the circuit court's consideration of Dr. Terrence Campbell's report and the court's subsequent denial of a full evidentiary

3

Case 2:07-cv-00952-LA   Filed 08/11/08   Page 3 of 6   Document 14

hearing. Thus, respondent sought to dismiss petitioner's claims asserted in Ground Two for failure to exhaust state remedies. See Picard v. O'Connor, 404 U.S. 270, 275-76 (1971) (holding that before a federal habeas court can consider the merits of a state prisoner's habeas petition, the prisoner must exhaust the remedies available to him in state court). Since that time, however, the court of appeals affirmed the circuit court's denial of petitioner's challenge to his commitment, and the Wisconsin Supreme Court denied the petition for review, thus satisfying the exhaustion requirement for the claim brought before the state court of appeals. See In Re Commitment of Seibert, 746 N.W.2d 605 (Wis. Ct. App. Jan. 15, 2008); see also Order Denying Petition For Review, State v. Ruven G. Seibert, Case No. 2007AP000823 (Wis. July 28, 2008). However, because petitioner raised only the issue of the circuit court's disregard for Dr. Campbell's opinion and the resulting denial of a full evidentiary hearing, but did not raise the issue of ineffective assistance of counsel at the circuit court proceeding (if indeed that is what petitioner is asserting here) or any other claim he asserts in his federal habeas petition, only one claim asserted in Ground Two is exhausted, and the rest remain unexhausted.

When a federal habeas petitioner files a "mixed" petition containing a combination of exhausted and unexhausted claims, a district court may dismiss the petition without prejudice, so the petitioner may return to state court to exhaust state remedies before refiling his habeas petition, or stay the federal habeas case pending the exhaustion of any remaining claims in state court. Rhines v. Weber, 544 U.S. 269, 275-76 (2005). The Supreme Court has limited the ability of the district courts to utilize the latter option, stating that a district court should stay a federal habeas case pending exhaustion of state remedies only if 1) there is good cause for petitioner's failure to exhaust state remedies for

4

all claims prior to filing the federal habeas petition, and 2) the unexhausted claims have merit. See id. at 277.

In this case, I do not find good cause for petitioner's failure to exhaust state remedies for the unexhausted claims presented in Ground Two of his habeas petition. Petitioner was represented by counsel at the appellate proceedings, by a different attorney than the attorney representing petitioner at the circuit court, and petitioner's appellate counsel raised only the issue regarding the circuit court's treatment of certain expert opinions and subsequent denial of a full evidentiary hearing. Petitioner does not challenge the effectiveness of appellate counsel's representation (the only factual bases for ineffective assistance of counsel asserted in Ground Two are failure to object and to cross-examine, neither of which are relevant to the appellate proceedings) or suggest any other good cause for his failure to exhaust state remedies for all claims. Thus, I do not believe a stay is appropriate in this case. Moreover, the one-year statute of limitations for the unexpired claims in Ground Two has not yet begun to run, will not begin to run until October 26, 2008,[3] and therefore will not expire until October 26, 2009; thus, there is still ample time for petitioner to exhaust state remedies for any claims he so chooses and dismissal at this time does not unreasonably impair petitioner's right to seek federal relief. See id. at 278. As such, I will dismiss the claims asserted in Ground Two related to the state circuit court's January 17, 2007 decision without prejudice to allow petitioner to exhaust any unexhausted claims. Should he wish to seek federal habeas relief after exhausting any additional claims, or solely for the exhausted claim discussed above, but

---

[3] The Wisconsin Supreme Court denied the petition for review on July 28, 2008.

prior to the expiration of the one-year statute of limitations on October 26, 2009, he may file another habeas petition.

**Therefore,**

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims asserted in Ground One of the petition are **DISMISSED WITH PREJUDICE** as barred by the statute of limitations found in 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that the claims asserted in Ground Two of the petition insofar as they relate to the circuit court proceedings resulting in the May 16, 2003 denial of petitioner's challenge to his ongoing commitment are **DISMISSED WITH PREJUDICE** as barred by the statute of limtiations found in 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that the claims asserted in Ground Two of the petition insofar as they relate to the circuit court proceedings resulting in the January 17, 2007 denial of petitioner's challenge to his ongoing commitment are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

Dated at Milwaukee, Wisconsin, this 11 day of August, 2008.

/s_____
LYNN ADELMAN
District Judge